**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SHAWN EGGSWARE,

                              Plaintiff,

      v.                                                                                          1:21-CV-1064
                                                                                                   (LEK/CFH)
EAST COAST SYNDICATE, et al.

                              Defendants.

---

**APPEARANCES:**

Shawn Eggsware
66 2nd Street
Waterford, New York
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. Magistrate Judge**

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis

Plaintiff pro se Shawn Eggsware[1] purported to commence this action on September 27, 2021, with the filing of a complaint, motion for leave to proceed in forma pauperis ("IFP"), and motion for appointment of counsel. See Dkt. Nos. 1 ("Compl."), 2, 3. After reviewing plaintiff's IFP application, the Court concludes that plaintiff financially qualifies to proceed IFP for the purpose of filing only. Plaintiff is advised that, despite

---

[1] Plaintiff has also recently filed several other actions in this Court. These actions are pending review by the Court. See Eggsware v. Albany Masonic Temple, 1:21-CV-922 (GLS/ML) (complaint dismissed; review of amended complaint pending); Eggsware v. United States Secret Service, et al., 1:21-CV-1029 (GTS/CFH) (Report-Recommendation of dismissal pending), Eggsware v. Winfrey, et al., 1:22-CV-77 (GLS/DJS); Eggsware v. Doe, 1:22-CV-54 (BKS/CFH) (Report-Recommendation of dismissal pending).

being granted IFP status for the purposes of filing in this case he is still required to pay any fees or costs he may incur in this case.[2] See Dkt. No. 2.

## II. Initial Review

### A. Legal Standard

Section 1915(e)[3] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action. Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). A pro se litigant's pleadings are held to a less strict standard than those drafted by an attorney.

---

[2] This includes, but is not limited to, copying fees and witness fees.

[3] The language of 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

2

See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, pro se litigants are held to a lesser pleading standard than other parties."). Because plaintiff is proceeding pro se, the Court construes his pleadings "to raise the strongest arguments that they suggest." See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). However, this "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

Further, Rule 10 of the Federal Rules provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).  Indeed, a complaint that fails to comply with these

pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### B.  Complaint

On a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983, plaintiff names as defendants East Coast Syndicate, Davco Masonry, LLC, and New York Department of Labor.  Compl. at 3.  Plaintiff contends that "all three defendants are businesses that are owned and/or operated by a violent motorcycle gang called East Coast Syndicate." Id.  He providews that defendants have, "[o]n at least 10 occasions[,]" "attacked me or jumped me in an attempt to take my life." Id.  Plaintiff reported all of these incidents "to the correct authorities." Id.  Plaintiff states that defendants[4] are "still attempting to kill me" and "rid[e] by my apartment on a daily basis on their motorcycles and then when I go to the window they begin to make loud noises and point their fingers at me in the gesture of a hand gun insinuating that they are going to kill me." Id.  Plaintiff is "in fear for my life on a daily basis." Id.

---

[4]  Plaintiff does not identify if all or some of the defendants engage in this specific conduct.

Plaintiff contends that defendants are engaging in this conduct because he "met this gentleman called Demetrius McCord through mutual friends over two years ago," and at some point "found out that he was embezzling large amounts of money from the federal government through davco and also claiming false people through unemployment." Compl. at 3.  Mr. McCord was also "selling large quantities of narcotics." Id.  When plaintiff informed Mr. McCord that he "was going to go to the authorities, that's when the death threats and the attacks started to happen." Id.  Plaintiff alleges that he "also uncovered that they have a gang member working full time for the new york state department of labor and has been giving me problems with my unemployment legally and then also when I mentioned it that I was going to the authorities over them embezzling money from unemployment, [t]he death threats got worse and worse." Id.  Plaintiff states that "[t]he owners of Davco are also members of the East Coast Syndicate and on multiple occasions, I have spotted them following me around from bus stop to bus stop." Id.  Plaintiff states that the East Coast Syndicate "also employ members of the Troy Police, The Watervliet Police and also I have witnessed atleast [sic] one member of the Federal Bureau of Investigation using[.]"[5]

Plaintiff demands "one million dollars." Compl. at 4.  Plaintiff provides that "these guys ride around with loaded firearms and bombs.  The fear and anxiety alone would warrant a million dollars. and id some reason, they manage to kill me before I see a court date, I would like to have this case still pursued and if they kill me it would be very easy for detectives to go through my phone and figure out how many of them are actively participating in 'conspiracy to commit murder[.]'" Id.   Plaintiff further states that

---

[5]  Plaintiff's complaint appears to cut off mid-sentence here.  See Compl. at 3.

he is "just trying to make this out alive." Id. at 5. He believes his "life is worth more then [sic] a million dollars. They sell so much drugs and embezzle so much money from the government that one million dollars wouldn't even affect them." Id.

### C. Analysis

Liberally read, plaintiff appears to seek the Court to penalize defendants for engaging in alleged criminal conduct or potentially to investigate and prosecute defendants for criminal conduct. This Court does not have the authority to commence its own investigation, commence a criminal prosecution, compel a law enforcement agency to investigate suspected criminal activity, nor compel a prosecutor to prosecute. Prosecutors possess discretionary authority to bring criminal actions, and they are "immune for control or interference by citizen or court." Conn. Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 87 (2d Cir. 1972). Further, plaintiff himself does not have standing to compel any law enforcement agency to investigate or prosecute any suspected criminal acts as there is no private right of action to enforce state or federal criminal statutes. See generally Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Walker v. CIBC Ltd., 1:20-CV-1337 (TJM/CFH), 2021 WL 3518439 (N.D.N.Y. Apr. 13, 2021) ("It appears plaintiff is either seeking the criminal prosecution of an individual or individuals or a law enforcement investigation, which is beyond this Court's jurisdiction."); McFadden v. Ortiz, 5:12-CV-1244 (MAD/ATB), 2013

WL 1789593 (N.D.N.Y. Apr. 26, 2013).[6]  Accordingly, it is recommended that plaintiff's complaint be dismissed in its entirety for frivolity pursuant to pursuant to 28 U.S.C.§§ 1915(e)(2)(B)(i).

Although this Court generally hesitates to dismiss a case against a pro se plaintiff without affording an opportunity to amend; however, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  This Court has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may sua sponte dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" Aguilar v. United States, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); Pino v. Ryan, 49 F.3d

---

[6] Although the Court generally provides pro se plaintiffs with copies of unpublished decisions it cites, because this Court provided copies of these cases to plaintiff along with its Report-Recommendation & Orders associated with other cases plaintiff has before this Court, it will not provide duplicate copies.

51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

Here, as this Court "does not have the authority or jurisdiction to . . . seek the criminal prosecution of individuals at the request of a plaintiff," Walker, 2021 WL 3518439, or impose civil penalties for alleged criminal acts of which a defendant has not been convicted, plaintiff's claims before this Court must be dismissed as legally frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(i).  As plaintiff has identified no statute or federal law under which his claims can proceed nor can the Court identify any through this review, leave to amend is not required.  Giamattista v. Am. Airlines, Inc., 584 F. App'x 23, 25 (2d Cir. 2010) (summary order) (noting that, even considering he special solicitude to be accorded to pro se plaintiffs' complaints, "courts cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations[.]").

### III.  Motion for Counsel

Plaintiff has moved for appointment of counsel. Dkt. No. 4.  It is well settled that there is no right to the appointment of counsel in a civil case.  Plaintiff's motion states merely that he has "no money and can not find an attorney due to the fact that multiple men are trying to kill me and my family."  Id.  However, despite signing the form that indicates that he is required to substantiate such statements with the names of the attorneys or agencies he contacted seeking counsel, he filed to do so.  He also failed to provide any proof of such efforts as is required.  See id.

9

Here, plaintiff's request for appointment of counsel is premature. First, this Court has not yet determined whether any portion of his claims will be permitted to proceed. Of these criteria, the Second Circuit has emphasized the importance of assessing "whether the indigent's position was likely of substance." Cooper v. A. Sargente & Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). Here, the undersigned has recommended dismissal of his complaint with prejudice and without an opportunity to amend. See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir.1997) (noting that court must look to the likelihood of merit of the underlying dispute in determining whether to appoint counsel). As plaintiff has not demonstrated that his position is likely of substance, the motion for appointment of counsel is denied. As the undersigned recommends dismissal of this complaint with prejudice and without opportunity to amend, the motion for appointment of counsel is dismissed with prejudice.

### IV. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's IFP application (Dkt. No. 2) be **GRANTED** for the limited purpose of filing; and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED** with prejudicel

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED in its entirety with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[7]

Dated: February 7, 2022
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[7] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).