UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHAWN EGGSWARE,

                        Plaintiff,

-against-                                           1:21-CV-1064 (LEK/CFH)

EAST COAST SYNDICATE, et al.,

                        Defendants.

### DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Shawn Eggsware brings this pro se action against Defendants East Coast Syndicate, Davco Masonry, LLC, and the New York Department of Labor. Plaintiff commenced this action on September 27, 2021. See Dkt. No. 1 ("Complaint"). On the same day, Plaintiff filed an application to proceed in forma pauperis ("IFP"), Dkt. No. 2, and a motion to appoint counsel, Dkt. No. 4 ("Motion to Appoint Counsel").

On February 7, 2022, the Honorable Christian Hummel, United States Magistrate Judge, granted Plaintiff's IFP application for the limited purpose of filing, denied Plaintiff's Motion to Appoint Counsel with prejudice, and recommended that Plaintiff's Complaint be dismissed in its entirety with prejudice. See Dkt. No. 6 ("Report-Recommendation and Order") at 10.

For the reasons discussed below, the Court adopts the Report-Recommendation and Order with amendments, and amends the Magistrate's judgement, pursuant to 28 U.S.C. § 636 (b)(1)(A), to deny Plaintiff's Motion to Appoint Counsel without prejudice.

**II.    FACTUAL BACKGROUND**

Plaintiff's factual allegations are reproduced in their entirety below:

1

> All three defendants are businesses that are owned and/or operated by a violent motorcycle gang called the East Coast Syndicate. On at least 10 occasions they have attacked me and or jumped me in an attempt to take my life. All 10 times, I have reported it to the correct authorities. They are still atempting [sic] to kill me. They currently are riding by my apartment on a daily basis on their motorcycles and then when I go to the window they begin to make loud noises and point their fingers at me in the gesture of a hand gun insinuating that they are going to kill me. I am in fear for my life on a daily basis. I met this gentleman called Demetrius McCord through mutual friends over two years ago. I found out that he was embezzling large amounts of money from the federal government through davco and also claiming false people through unemployment. He also was selling large quantities of narcotics. Upon finding out and then informing him that I was going to go to the authorities, that's when the death threats and the attacks started to happen. I also uncovered that they have a gang member working full time for the new york state department of labor and has been giving me problems with my unemployment legally and then also when I mentioned it that I was going to the authorities over them embezzling money from unemployment, The [sic] death threats got worse and worse. The owners of Davco are also members of the East Coast Syndicate and on multiple occasions, I have spotted them following me around from bus stop to bus stop. The "East Coast Syndicate" also employs members of the Troy Police, The Watervliet Police and also I have witnessed atleast [sic] one member of the Federal Bureau of Investigation using[.]

Compl. at 3. In addition, the Complaint purports to bring a civil action under 42 U.S.C. § 1983. Compl. at 2.

### III.   LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-

recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Zhao v. State Univ. of N.Y., 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) (internal quotation marks and citation omitted); see also Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV. DISCUSSION

### A. Dismissal of Complaint

The Report-Recommendation and Order describes Plaintiff's Complaint as asking "the Court to penalize defendants for engaging in alleged criminal conduct or potentially to investigate and prosecute defendants for criminal conduct." R. & R. at 7. Because the Court cannot commence criminal investigations or prosecutions, nor compel law enforcement to investigate or prosecutors to prosecute, Judge Hummel concluded that allowing Plaintiff to amend his Complaint would be futile, and recommended dismissal with prejudice. Id. at 7–9.

To the extent that Plaintiff seeks to penalize defendants for criminal conduct or initiate an investigation or prosecution, the Court adopts the Report-Recommendation and Order. However, construing Plaintiff's Complaint liberally, as required for a pro se plaintiff, see Burgos v.

Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (noting that when a party is proceeding pro se, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest"), the Court interprets Plaintiff as attempting to raise a Section 1983 claim, stemming from the East Coast Syndicate's alleged infiltration of various government entities.

"In order to bring a successful claim under Section 1983, a plaintiff must show that (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges." Monte v. Ernst & Young LLP, 330 F. Supp. 2d 350, 366 (S.D.N.Y. 2004), aff'd, 148 F. App'x 43 (2d Cir. 2005) (internal quotation marks omitted). Here Plaintiff has fallen far short of alleging sufficient facts to meet either one of these requirements. Indeed, his Complaint fails to provide a "short and plain statement of the claim showing that the pleader is entitled to relief" as required under Fed. Rule Civ. Proc. 8(a)(2). However, the Court finds it plausible that Plaintiff is attempting to allege that individuals in the New York Department of Labor, and/or the Troy or Watervliet Police, have acted under color of state law to violate his federal rights. As such, amendment of Plaintiff's Complaint may not be futile, and the Report-Recommendation and Order is modified to dismiss Plaintiff's Complaint without prejudice.

B. Motion to Appoint Counsel

As explained in the Report-Recommendation and Order, appointment of counsel is not appropriate at this time. See R. & R. at 10. However, Judge Hummel ordered that Plaintiff's Motion to Appoint Counsel be denied with prejudice because he recommended dismissal of the Complaint with prejudice. Because the Court has modified the recommendation to dismiss

4

without prejudice, the Court finds that it is also appropriate to amend Judge Hummel's order and to deny Plaintiff's Motion to Appoint Counsel <u>without</u> prejudice.[1]

## V.   CONCLUSION

The Court will afford Plaintiff the opportunity to file an amended complaint not inconsistent with this decision. <u>Gomez v. USAA Fed. Savings Bank</u>, 171 F.3d 794, 796 (2d Cir. 1999). Any amended complaint filed by Plaintiff must bear his original signature and must be a complete pleading that will supersede and replace the original complaint in its entirety. The amended pleading must also name one or more defendants and set forth a short and plain statement of the facts on which Plaintiff relies in support of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated his constitutional rights. Plaintiff is advised that, if he fails to submit an amended complaint within 30 days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to Sections 1915(e)(2)(B)(ii).

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation and Order (Dkt. No. 6) is **APPROVED and ADOPTED** as modified by this opinion; and it is further

**ORDERED,** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice** without further Order of the Court pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) unless, within 30

---

[1] "A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C.A. § 636. Here, Judge Hummel's denial of the Motion to Appoint Counsel with prejudice was consistent with his recommendation to dismiss the Complaint with prejudice. However, having amended the recommendation to dismiss the Complaint without prejudice, there is no longer any justification for denying Plaintiff's Motion for Appointment of Counsel with prejudice, and to do so would represent clear error.

days of the date of this Decision and Order, Plaintiff files an amended complaint that corrects the pleading defects discussed herein; and it is further

**ORDERED**, that the Report-Recommendation and Order (Dkt. No. 6) is amended to **DISMISS** Plaintiff's Motion to Appoint Counsel (Dkt. No. 4) **WITHOUT PREJUDICE**; and it is further

**ORDERED,** that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:     March 23, 2022
           Albany, New York

LAWRENCE E. KAHN
United States District Judge